UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WALMART INC.; WAL-MART STORES EAST, LP;
WAL-MART LOUISIANA, LLC; WAL-MART STORES
TEXAS, LLC; WAL-MART STORES ARKANSAS, LLC;
WAL-MART PUERTO RICO, INC.; WAL-MART.COM
USA, LCC and WALMART APOLLO, LLC,

               Plaintiffs/Counter-Defendants,

-v.-

CAPITAL ONE, NATIONAL ASSOCIATION,

               Defendant/Counter Claimant.

23 Civ. 2942 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

After reviewing the parties' pre-conference submissions and considering their thoughtful arguments at yesterday's conference, the Court ORDERS the parties to adhere to the following briefing schedule for their anticipated cross-motions for summary judgment:

(i)    Each side shall file their opening summary judgment motion, not to exceed 25 pages, on or before **June 26, 2023**.

(ii)    Each side shall then submit an opposition brief to their adversary's summary judgment motion, not to exceed 25 pages, on or before **July 26, 2023**.

Briefing shall be limited to the issue of whether Walmart's right to terminate the Credit Card Program Agreement (the "Agreement") has been triggered based on the text of the Agreement. To be clear, the parties may argue that the relevant language in the Agreement is ambiguous, and that extrinsic evidence is necessary to resolve the parties' dispute, but they are

directed not to submit any extrinsic evidence at this time. If the Court finds that the Agreement is indeed ambiguous, it will promptly order limited discovery and briefing on that issue. If the Court determines that oral argument would be useful, it will promptly reach out to the parties.

The Court has thought seriously about Defendant's proposal to introduce extrinsic evidence pursuant to Federal Rule of Civil Procedure 56(d), and appreciates Defendant's engagement with Plaintiff's concern for the efficient resolution of this matter. Having taken some time to consider how Defendant's proposal might work in practice, the Court does not see how Defendant could present sufficient evidence to permit the Court to rule in its favor as a matter of law without some degree of reciprocal discovery.

The Court will not set a schedule for motion practice addressing the parties' respective breach claims at this time, inasmuch as the parties' interest in motion practice as to those claims may change as a result of the Court's ruling on the contract interpretation issue.

Separately, the Court will not at this time order Defendant to deliver to Walmart portfolio data as part of the Purchase Option Process discussed in the Agreement. The Court remains concerned that given the sensitive nature of such data, a protective order may not be sufficient to prevent the release of the data from conferring an advantage on Defendant's competitors at this time.

SO ORDERED.

Dated:  May 25, 2023
        New York, New York

*Katherine Polk Failla*
_____
KATHERINE POLK FAILLA
United States District Judge